Cite as 2017 Ark. 247

# SUPREME COURT OF ARKANSAS

**No.** CR–16–413

AARON MICHAEL LEWIS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** September 14, 2017

<u>DISSENTING OPINION ON DENIAL OF REHEARING.</u>

**JOSEPHINE LINKER HART, Justice**

I would grant rehearing on this case because this court, and this court alone is charged with the responsibility of interpreting the Arkansas Constitution. In my view, the mere similarity of other constitutions to our own is not a compelling reason to adopt the decisions of other courts—even the Supreme Court of the United States. I cannot accept that the textual right against self-incrimination found in the Arkansas Constitution concerns only verbal communication; in the case of Mr. Patane, his unlawful possession of a firearm was proven conclusively because it was in his bedroom, which he alone occupied. *United States v. Patane*, 542 U.S. 630, 633–34 (2004). Did it really matter that the finder of fact was precluded from hearing that the gun was found exactly where Mr. Patane told police it was located?

As I pointed out in my concurring opinion, it was completely unnecessary for this court to adopt the *Patane* rule. I must agree with Mr. Lewis, this court's rationale for doing so is unacceptable. I would grant rehearing.